```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
BETH SCHINELLA,

                              Plaintiff,

       -against-                                             No. 19-cv-8931 (NSR)
                                                             OPINION & ORDER
DR. ADAM SOYER, et al.,

                              Defendants.
---------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/2021

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Beth Schinella ("Plaintiff"), commenced this action, pursuant to 42 U.S.C. § 1983 ("Section 1983") by the filing of her Complaint on September 26, 2019, alleging federal or state causes of action against Defendants County of Dutchess ("Dutchess County"), George Salem, Jr. ("Salem Jr."), and Dr. Adam Soyer ("Soyer") (collectively, "Defendants"). (Complaint ("Compl.") (ECF No. 2).) As is relevant here, the only cause of action brought against Defendant Soyer is a claim for tortious interference of contract pursuant to state law. Presently before the Court is the motion of Defendant Soyer to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (ECF No. 33.) Defendant Soyer filed a memorandum of law in support of his motion to dismiss. (*See* "Def's Mem." (ECF No. 33).) Plaintiff filed a memorandum of law in opposition to Soyer's motion to dismiss. (*See* "Pl's Opp." (ECF No. 34).) Finally, Defendant Soyer filed a memorandum of law in further support of his motion to dismiss. (*See* "Def's Reply" (ECF No. 35).)

      For the following reasons, Soyer's motion is GRANTED, and Plaintiff's Complaint is dismissed *without prejudice* as against Soyer pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

The following facts are derived from the Complaint or matters of which the Court may take judicial notice, are taken as true, and construed in the light most favorable to *pro se* Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff was and is a Corrections Sergeant employed by the County of Dutchess. (Compl. ¶ 6.) On February 6, 2011, Plaintiff sustained a slip and fall injury during the course of her employment and sustained serious and permanent injuries to her right wrist and right shoulder. (Compl. ¶ 10.) Initially, Defendants Salem Jr. and Dutchess County accepted Plaintiff's claim for Workers' Compensation arising from the slip and fall accident. (*Id.* ¶ 11.) Plaintiff further alleges that, after the acceptance of her claim, she "therefore became entitled, as a term and condition of her employment contract with Defendant, County of Dutchess, to the benefits provided by the Workers' Compensation Law of the State of New York." (*Id.* ¶ 12.) She does not allege that any provision of the employment contract gave rise to this obligation, much less identify or describe such a provision.

After Plaintiff's treating physician expressed an opinion that she suffered permanent injuries, Dutchess County and Salem Jr. hired Defendant Soyer to perform a medical evaluation and, in or around September 12, 2017, Soyer agreed that Plaintiff suffered permanent injuries based on his medical examination of her. (*Id.* ¶¶ 13-18.) As a result of this finding, Plaintiff was allegedly "entitled . . to a 'schedule loss of use' award under the Workers' Compensation Law of the State of New York." (*Id.* ¶ 19.) Again, Plaintiff does not identify or describe the contractual provision giving rise to this entitlement and seems to be obliquely alleging that this entitlement arose from New York's Workers' Compensation laws or regulations.

Subsequently, Defendants Salem Jr. and Dutchess County hired private investigators to follow Plaintiff and record her activities, and the investigators recorded her activities and produced a report and video recordings associated with their investigation. (*Id.* ¶¶ 20-21.) Based on the report, Defendant Soyer revoked his opinion that Plaintiff had suffered permanent injuries and Defendants Salem Jr. and Dutchess County charged Plaintiff with fraud pursuant to Section 114-a of the Workers' Compensation Law. (*Id.* ¶ 22.) At some point in proceedings connected with Plaintiff's Workers' Compensation claim, Defendant Soyer stated that his change of opinion was based upon his observation that Plaintiff was lifted and placed a saddle on a horse as depicted in surveillance video taken by the investigators. (*Id.* ¶¶ 23, 25.) Plaintiff contends that the video actually shows a different woman saddling the horse, and that Defendants Salem Jr. and County of Dutchess became aware of this during a Workers' Compensation hearing. (*Id.* ¶ 24.) The proceeding before the ALJ resulted in a determination in Plaintiff's favor, she was granted a thirty-five percent schedule loss of use award for her shoulder, and the fraud charge was denied. (*Id.* ¶ 26.)

After the determination in Plaintiff's favor, and despite knowing that Plaintiff did not lift the saddle, Defendants Salem Jr. and Dutchess County decided to appeal the award and denial of the fraud charge. (*Id.* ¶ 27.) To this end, Defendant Soyer issued an addendum to his original report which added that he watched surveillance videos and observed Plaintiff at a horse farm on October 5, 2017 speaking on a telephone and riding an all-terrain vehicle ("ATV"). (*Id.* ¶ 29.) The addendum further stated that he observed Plaintiff at a horse farm on October 19, 2017 working with the horses, closing a horse gate, and riding an ATV. (*Id.* ¶ 31.) The addendum also asserted that Plaintiff was at the horse farm watching a rider in a training area on October 21, 2017, and that she was riding a horse in a barrel racing competition on October 29, 2017. (*Id.* ¶¶ 33, 35.)

3

The addendum further stated that Plaintiff was observed on November 1, 2017 carrying a blue pail filled with horse manure using her right hand and that she dumped the contents of the pail into a manure pile. (*Id.* ¶ 38.)

Relatedly, Soyer testified under oath that he heard Plaintiff's name announced on the public address system during the barrel racing competition on October 29, 2017 and that he had witnessed Plaintiff carrying the manure pail. (*Id.* ¶¶ 37, 39.) Soyer is alleged to have revoked his initial opinion about Plaintiff's permanent injuries with the intention of inducing Dutchess County to "breach its employment contract with the Plaintiff, by denying to Plaintiff the Workers' Compensation benefits to which she became entitled, and otherwise subjecting her to potential disciplinary measures." (*Id.* ¶ 51.)

Plaintiff contends that Defendants Salem Jr. and Dutchess County knew that the contents of the addendum and Soyer's testimony were verifiably false and nonetheless determined to continue their appeal. For example, Defendants Salem Jr. and Dutchess County knew that Plaintiff was actually working at her post at the Dutchess County Jail on October 5, 2017 and October 19, 2017, and the private investigators did not even claim to have observed Plaintiff at the horse farm at that time. (*Id.* ¶¶ 30, 32.) Likewise, Defendants Salem Jr. and Dutchess County knew that Plaintiff was not observed at the horse farm on October 21, 2017 or October 29, 2017 because the women observed there on those dates did not look like Plaintiff. (*Id.* ¶¶ 34, 36.) Relatedly, Salem Jr. and Dutchess County "knew that . . . Soyer [ ] had lied under oath [about hearing Plaintiff's name announced at the barrel racing competition on] October 29, 2017 because . . . the video for that date had no audio component." (*Id.* ¶ 37.) Similarly, Salem Jr. and Dutchess County knew that Soyer's testimony that Plaintiff was carrying and dumping manure was false because the relevant surveillance video shows Plaintiff dragging a manure bucket on a rope rather than lifting

4

it above the ground. (*Id.* ¶ 39.) Plaintiff alleges that pursuing the appeal despite knowing that the evidentiary basis for the appeal was falsified constituted a "breach of [Defendant Dutchess County's] employment contract with Plaintiff by not paying the schedule loss of use award and by continuing the fraud prosecution." (*Id.* ¶ 52.) It is also alleged that this breach would not have occurred "had it not been for Defendant, Dr. Adam Soyer's misconduct." (*Id.* ¶ 53.)

Though the present status of the appeal is not established, as of the filing of the Complaint on August 6, 2019, Plaintiff claimed to be harmed by the continuation of the appeal and fraud claim including because she has been deprived access to the monetary award granted by the ALJ (net value $99,030.96) and had to borrow money and miss mortgage payments in order to pay for her son's college tuition. (*Id.* ¶¶ 41-54.)

In connection with the above-described conduct, Plaintiff brought a Section 1983 claim against Defendants Salem Jr. and Dutchess County premised upon their alleged violation of her due process rights through seeking an appeal of her Workers' Compensation award. (*Id.* ¶¶ 55-59.) She also asserts several other causes of action against those Defendants, including a Section 1983 claim premised upon their malicious civil prosecution of Plaintiff. (*Id.* ¶¶ 62-64.)

As is relevant here, the only cause of action asserted against Defendant Soyer is a state law claim for tortious interference of contract. In support of that claim, Plaintiff alleges that Soyer "intentionally interfered with Plaintiff's contract of employment by providing false testimony" and that he provided "false testimony for the purpose of depriving Plaintiff of the Workers' Compensation benefits to which she was entitled." (*Id.* ¶¶ 68-69.)

## LEGAL STANDARD

### I. Fed. R. Civ. P. 12(b)(6)

On a motion under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is

5

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II.     Fed. R. Civ. P. 12(b)(1)

A claim is subject to dismissal under Rule 12(b)(1) if the court lacks subject matter jurisdiction to adjudicate it pursuant to statute or constitutional authority.  *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving a motion to dismiss for lack of subject matter jurisdiction, a district court may refer to evidence outside the pleadings.  *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).  Plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction of the claim asserted.  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

## DISCUSSION

Plaintiff's sole cause of action against Soyer is a state law claim for tortious interference of contract.  Defendant Soyer argues that the claim must be dismissed for lack of subject matter and for failure to state a plausible tortious interference with contract claim.  The Court concludes that it does have supplemental jurisdiction over the tortious interference with contract claim but that Plaintiff has failed to plausibly allege a tortious interference claim.

### I.  Supplemental Jurisdiction

Defendant Soyer moves to dismiss the Complaint on the grounds that the court does not have subject matter jurisdiction because the sole cause of action alleged against Soyer is a state law claim for tortious interference with contract.  (Def's Mem. at 2-3.)  Plaintiff responds that jurisdiction is predicated upon supplemental jurisdiction as she has asserted federal claims against Soyer's co-defendants and those claims along with the state law claim against Soyer arise out of a common nucleus of operative fact.  (Pl's Opp. at 5-8.)  The Court agrees with Plaintiff.

"In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Supplemental jurisdiction (formerly referred to as pendent jurisdiction) is the authority of a federal court to exercise jurisdiction over a nonfederal claim between parties litigating other matters properly before the court, or the addition of an independent party when the claim against that party arises out of the same common nucleus of operative facts as the claims against the other named parties.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Finley v. United States*, 490 U.S. 545, 548-49 (1989) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)).  The Court in *United Mine Workers of Am.* held that "[Supplemental] jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States . . . ,' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"  383 U.S. at 725.  The requisite relationship exists when the federal and nonfederal claims "derive from a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Finley*, 490 U.S. at 548-49.

"The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Dilaura v. Power Auth. of N.Y.*, 982 F.2d 73, 80 (2d Cir. 1992).

Plaintiff's state law tortious interference claim is factually intertwined with her federal claims arising under Section 1983. Both are predicated upon the appeal of Plaintiff's Workers' Compensation Benefits award taken by Salem Jr. and Dutchess County through the assistance of Defendant Soyer. With respect to the Section 1983 claims, Plaintiff alleges that Salem Jr. and Dutchess County violated her due process rights by pursuing the appeal of the ALJ decision and relying upon the false testimony of Defendant Soyer in support of that appeal. With respect to the tortious interference claim, Plaintiff alleges that Defendant Soyer tortiously interfered with her employment contract by falsely testifying in support of the appeal and thus induced a breach of contract. While the second claim is inadequately pled (as discussed below) it is nonetheless predicated upon a common nucleus of operative facts as the federal claims asserted against Salem Jr. and Dutchess County. Relatedly, the federal claims against Salem Jr. and Dutchess County remain pending and accordingly other considerations in favor of dismissing claims under § 1367 are not applicable.

Accordingly, Soyer's motion to dismiss pursuant to Rule 12(b)(1) is DENIED.

II. **Tortious Interference with Contract Claim**

Under New York law, a plaintiff must plead the following elements to establish a tortious interference claim: (1) the existence of a valid contract, (2) defendant's procurement of a third party's breach of that contract without justification, and (3) damages to plaintiff resulting

8

therefrom. *Am. Para Prof'l Sys., Inc. v. LabOne, Inc.*, 175 F. Supp. 2d 450, 457 (E.D.N.Y. 2001) (citing *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 424 (1996)). Plaintiff's claim fails under the first element.

With respect to the first element—*i.e.*, the existence of a valid contract—courts, including (quite recently) this one,[1] have dismissed tortious interference claims for failure to adequately plead the terms of the allegedly interfered-with contract. *See, e.g.*, *Tyler Fire Equip., LLC v. Oshkosh Corp.*, No. 14-CV-6513-CJS, 2015 WL 3756372, at *11 (W.D.N.Y. June 16, 2015) ("The case law is clear; more is required. Although the first amended complaint does allege the existence of 'binding contracts' with the named fire companies and vendor, it does not identify or describe the provisions of the contracts with which Defendants allegedly tortiously interfered."); *Bose v. Interclick, Inc.*, No. 10–CV–9183, 2011 WL 4343517, at *10–11 (S.D.N.Y. Aug. 17, 2011) (dismissing tortious interference with contract claim where plaintiff claimed generally that it had contracts with various parties, but did not give "facts regarding the terms of the contracts or the specific parties to the contracts"); *Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F.Supp.2d 239, 255 (S.D.N.Y. 2009) (denying leave to amend tortious interference with contract claim that had been dismissed, because plaintiffs alleged only that "defendants interfered with their customer contracts," but did not "specify a single customer contract with which defendants interfered"); *Berman v. Sugo LLC*, 580 F.Supp.2d 191, 208 (S.D.N.Y. 2008) (dismissing claim that simply alleged that a contractual relationship with a third party existed, but set forth no facts to allege the type of contract, whether it was nonexclusive, and whether it was valid); *Wolff v. Rare Medium, Inc.*, 210 F.Supp.2d 490, 499 (S.D.N.Y.2002) (dismissing tortious interference claim

---

[1] *See Langella v. Mahopac Cent. Sch. Dist.*, No. 18-CV-10023 (NSR), 2020 WL 2836760, at *18 (S.D.N.Y. May 31, 2020) (dismissing tortious interference claim where "[p]laintiff has failed to allege, among other things . . . the terms of the alleged contract[.]").

where "the Amended Complaint fails to identify the exact terms breached as a result of [defendant's] acts."), *aff'd*, 65 F. App'x 736 (2d Cir. 2003).

Here, Plaintiff vaguely alleged that Soyer tortiously interfered with her employment contract with Dutchess County. However, Plaintiff has not attached the operative contract to the Complaint, quoted any provision contained in the operative contract, nor even loosely paraphrased any provision contained therein. Instead, she suggests that, by operation of law resulting from Dutchess County's initial acceptance of her Workers' Compensation claim, she became entitled to certain benefits and that this entitlement was disrupted by Soyer's role in providing (false) evidence as a basis for appealing an ALJ award. This is insufficient for the simple reason that nowhere in the Complaint does Plaintiff allege what provision of her employment contract was breached as a result of Soyer's conduct.

Plaintiff's arguments in opposition suggest that there is no contractual provision that Soyer tortiously interfered as she suggests that Dutchess County's pursuit of an appeal may actually give rise to a breach of implied covenant claim rather than a breach of contract claim. For example, Plaintiff asserts that "[t]he breach . . . is in the nature of a breach of covenant of good-faith and fair dealing which New York law implies in every contract[.]" (Pl's Opp. at 13.) The Court is not aware of any cause of action for tortious interference with the implied covenant of good faith and fair dealing. In any event, Plaintiff did not assert any breach of the implied covenant of good faith and fair dealing in her Complaint, and accordingly such a hypothetical claim is not properly before the Court.

As Plaintiff has failed to adequately identify or describe the provisions of the employment agreement that Soyer allegedly tortiously interfered, she has failed to plausibly allege a tortious interference claim. Soyer's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED. Plaintiff's

10

tortious interference claim against Soyer is dismissed without prejudice. Even though Plaintiff's own allegations and admissions suggest that no contractual provision exists that can form the basis of a tortious interference claim, the Court nonetheless considers it provident to afford Plaintiff an opportunity to amend her Complaint as this deficiency can be easily corrected to the extent there was a provision in the employment agreement with which Soyer allegedly tortiously interfered.

## CONCLUSION

For the foregoing reasons, Defendant Soyer's motion to dismiss is GRANTED. Plaintiff's claims against Defendant Soyer are dismissed without prejudice and Plaintiff is granted leave to replead. Plaintiff may file an Amended Complaint consistent with this Opinion on or before October 18, 2021. Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal of Plaintiff's Complaint as against Defendant Soyer with prejudice.

The Clerk of the Court is respectfully directed to terminate Defendant Soyer's Motion to Dismiss at ECF No. 33.

Dated: September 16, 2021  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge