UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BETH SCHINELLA,

                          Plaintiff,

   -against-

GEORGE SALEM JR. and COUNTY OF
DUTCHESS,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/2022

No. 7:19-cv-8931 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

       Plaintiff Beth Schinella ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing a complaint on September 26, 2019 alleging federal and state causes of action against Defendants County of Dutchess ("Dutchess County"), George Salem, Jr. ("Salem Jr."), and Dr. Adam Soyer ("Dr. Soyer"). (ECF No. 2.) On September 16, 2021, this Court granted Dr. Soyer's motion to dismiss without prejudice and granted Plaintiff leave to amend her complaint as to the single state claim for tortious interference of contract against Dr. Soyer.[1] (ECF No. 44.) On October 18, 2021, Plaintiff filed an Amended Complaint, which added a seventh cause of action of a *Monell* claim against Defendants. ("Am. Compl.," ECF No. 45 at 12–13.)

       Before the Court is Defendants Dutchess County and Salem Jr. ("Defendants")'s motion to dismiss Plaintiff's seventh cause of action in her Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 59.) For the foregoing reasons, Defendants' motion is GRANTED.

---

[1] On March 1, 2022, this Court so ordered a stipulation between Plaintiff and Defendant Dr. Soyer to discontinue the action against Dr. Soyer with prejudice. (ECF No. 67.)

**BACKGROUND**

The following facts are derived from the Amended Complaint and construed in the light most favorable to Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff Beth Schinella is a Corrections Sergeant employed by Defendant Dutchess County. (Am. Compl. ¶ 6.) On February 6, 2011, Plaintiff had a slip-and-fall in the course of her employment and sustained injuries to her right wrist and right shoulder. (*Id.* ¶ 10.) Initially, Defendants George Salem Jr., the Director of Risk Management for Dutchess County, and Dutchess County accepted the slip-and-fall as an on-the-job accident and accepted Plaintiff's claim for both General Municipal Law Section 207-C and Workers' Compensation coverage. (*Id.* ¶¶ 8, 15.) Plaintiff alleges that, after the acceptance of her claim, she "became entitled, as a term and condition of Appendix G of her employment contract with Defendant, County of Dutchess, to the benefits provided by both General Municipal Law Section 207-C and Workers' Compensation Law." (*Id.* ¶ 16.)

In the course of her compensation claim, Plaintiff's treating physician Dr. David DiMarco opined that she sustained 35% permanent loss of use of her right shoulder and 31.5% permanent loss of use of her right wrist. (*Id.* ¶ 17.) Thereafter, Dutchess County and Salem Jr. hired Dr. Adam Soyer to perform a medical evaluation on September 12, 2017 and Dr. Soyer agreed that Plaintiff suffered permanent injuries. (*Id.* ¶¶ 19, 21–22.) Plaintiff noted that during the medical examination, she advised Dr. Soyer that she rode horses in her spare time. (*Id.* ¶ 20.) As a result of Dr. Soyer's finding, Plaintiff was "entitled . . . to a 'schedule loss of use' award under the Workers' Compensation Law of the State of New York." (*Id.* ¶ 23.)

Subsequently, Defendants Salem Jr. and Dutchess County hired private investigators to follow Plaintiff and record her activities. (*Id.* ¶ 25.) The investigators produced a report and video

2

recordings associated with their investigation. (*Id.*) Based on the surveillance, Dr. Soyer revoked his opinion that Plaintiff had suffered permanent injuries and Defendants charged Plaintiff with fraud pursuant to Section 114-a of the Workers' Compensation Law. (*Id.* ¶ 26.) Dr. Soyer's change of opinion was based upon his observation that Plaintiff lifted and placed a saddle on a horse as depicted in surveillance video taken by the investigators. (*Id.* ¶ 27.) Plaintiff alleges the video shows a different woman saddling the horse, and that Defendants became aware of this during a Workers' Compensation hearing. (*Id.* ¶ 28.) A proceeding before a Worker's Compensation Law Judge resulted in a determination in Plaintiff's favor and she was granted a 35% schedule loss of use award for her right shoulder, and the fraud charge was denied. (*Id.* ¶ 30.)

After the ruling, Defendants appealed the award and denial of the fraud charge. (*Id.* ¶ 31.) Dr. Soyer changed his opinion and reduced Plaintiff's loss of use of her right hand from 25% to zero percentage loss. (*Id.* ¶ 32.) Dr. Soyer issued an addendum to his original report which added that he watched surveillance videos and observed Plaintiff at a horse farm on October 5, 2017 speaking on a telephone and riding an all-terrain vehicle ("ATV"). (*Id.* ¶ 33.) The addendum also stated that he observed Plaintiff: on October 19, 2017 working with horses, closing a horse gate, and riding an ATV (*id.* ¶ 35); on October 21, 2017 watching a rider in the training area (*id.* ¶ 37); on October 29, 2017 riding a horse in a barrel racing competition (*id.* ¶ 39); and on November 1, 2017 carrying a blue pail filled with horse manure using her right hand and dumped contents of the pail into a manure pile (*id.* ¶ 42). Relatedly, Dr. Soyer testified under oath that he heard Plaintiff's name announced on the public address system during the barrel racing competition on October 29, 2017. (*Id.* ¶ 41.)

Plaintiff alleges Defendants knew the contents of Dr. Soyer's addendum and testimony were verifiably false and still continued their appeal. (*Id.* ¶¶ 31, 44, 48.) Plaintiff points out that she was not the person depicted in the surveillance video on October 5, 2017 because she was working her post at Dutchess County Jail at that time (*id.* ¶ 34); that she was working at her post on October 19, 2017 (*id.* ¶ 36); that she was not the person observed in the October 21, 2017 surveillance because the person did not look like her (*id.* ¶ 38); and that she was not the person riding the horse on October 29, 2017 (*id.* ¶ 48). Plaintiff further claims that Dr. Soyer lied under oath about hearing Plaintiff's name announced on the public address system because the October 29, 2017 video "had no audio component. (*Id.* ¶ 41.) Lastly, Plaintiff rebuts Dr. Soyer's claim about the events of November 1, 2017, noting that she was "seen on the surveillance video dragging the bucket horse manure on the ground by a rope and then tipping it over without lifting it off the ground." (*Id.* ¶ 43.)

Plaintiff claims she is entitled to a schedule loss of use award totaling $107,867.21, minus $1,336.25 due to a lien Dutchess County had on award to damages paid pursuant to Section 11 of the employment contract and minus $7,500 fee for her counsel—netting to $99,030.96. (*Id.* ¶¶ 46–47.) Plaintiff alleges Defendants violated her due process rights by continuing to appeal the Workers' Compensation Law Judge's decision and pursuing their fraud claim, despite knowing that Dr. Soyer's addendum was false. (*Id.* ¶¶ 49–51.) Plaintiff also alleges Dutchess County breached its employment contract by not paying Plaintiff the schedule loss of use award and by continuing the fraud prosecution knowing it was false. (*Id.* ¶ 56.) Plaintiff alleges she sustained a loss of her workers' compensation benefits, which required her to borrow $14,000 and miss two mortgage payments. (*Id.* ¶ 52.) Plaintiff further claims she sustained shame and humiliation

caused by Defendants, loss of reputation, emotional distress, reduction of her credit score, and fear of losing her employment, of criminal prosecution, and of incarceration. (*Id.* ¶ 53.)

## PROCEDURAL HISTORY

Plaintiff commenced this action on September 9, 2019. (ECF No. 1.) In her initial complaint, Plaintiff brought six causes of action: (1) Section 1983 due process; (2) state constitutional due process; (3) Section 1983 malicious civil prosecution; (4) state malicious civil prosecution; (5) tortious interference with contract against Dr. Soyer, and (6) state malicious criminal prosecution against Salem Jr. and Dutchess County. (*Id.*) The sole cause of action brought against Dr. Soyer was the state law claim for tortious interference of contract. (*Id.*)

On September 15, 2020, Dr. Soyer moved to dismiss Plaintiff's cause of action against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 33.) On September 15, 2021, this Court granted Dr. Soyer's motion and dismissed the claim without prejudice. (ECF No. 44.) This Court granted Plaintiff leave to file an Amended Complaint consistent with the September 15, 2021 Opinion. (*Id.*)

On October 18, 2021, Plaintiff filed an Amended Complaint. The Amended Complaint includes all six causes of action brought in the initial complaint but adds a seventh cause of action. (Am. Compl. at 12–13.) On February 23, 2022, Defendants filed a motion to dismiss Plaintiff's seventh cause of action pursuant to Federal Rule of Civil Procedure 15. (ECF No. 59.) Plaintiff opposes the motion. (ECF No. 63.) And Defendants filed a reply in support of their motion to dismiss. (ECF No. 64.)

## DISCUSSION

Plaintiff adds a seventh cause of action, asserting a *Monell* claim against Defendants, in her Amended Complaint. (Am. Compl. at 12–13.) Defendants move to dismiss this cause of

5

action pursuant to Federal Rule of Civil Procedure 15(a)(2) on the basis that Plaintiff has exceeded the scope of her leave to amend. (*See* "Defs. Mot.," ECF No. 60.)

Rule 15(a)(2) provides that additional allegations can only be added "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012); *Pagan v. N.Y. State Div. of Parole*, No. 98 Civ. 5840, 2002 WL 398682 (S.D.N.Y. Mar. 13, 2002) (granting motion to dismiss as to new state law claims alleged in amended complaint when court's order granted plaintiff leave to replead only his Section 1981 and NYSHRL claims); *see also Willett v. City Univ. of N.Y.*, No. 94 CV 3873, 1997 WL 104769 (E.D.N.Y. Feb. 18, 1997) (declining to consider five of eight new claims in amended complaint on basis they exceeded scope of court's order granting plaintiff leave to amend).

Plaintiff attempts to add a seventh cause of action asserting a *Monell* claim against Defendants that was not brought in her initial complaint. This Court's September 16, 2021 Opinion and Order addressed only Dr. Soyer's motion to dismiss. (*See* ECF No. 44.) Specifically, the Court's Opinion addressed Plaintiff's allegations of tortious interference of contract against Dr. Soyer, and did not address any of Plaintiff's claims against Defendants Dutchess County and Salem Jr. (*Id.*) In granting Dr. Soyer's motion, this Court granted Plaintiff leave to replead her claim against Soyer. (*Id.* at 11.) Thus, Plaintiff was granted leave to amend "for a limited purpose" to replead her allegations of tortious interference of contract against Soyer. *See Palm Beach Strategic Income*, 457 F. App'x at 43.

Without first seeking leave from this Court, Plaintiff filed an Amended Complaint adding the seventh cause of action. (Am. Compl. at 12–13.) Plaintiff even acknowledges she "did not have specific authority to make the challenged amendment." ("Pl. Opp.," ECF No. 63 at 3.) This amendment clearly exceeds scope of leave granted by the Court in its September 16, 2021 Opinion. Plaintiff's attempt to characterize this amendment as merely a clarification of her theory of recovery is unconvincing. (*See id.* at 4.) Indeed, Plaintiff explicitly added the *Monell* claim under a title "XI. PLAINTIFF'S SEVENTH CAUSE OF ACTION – MONELL CLAIM" rather than adding clarifying allegations to existing causes of action. (Am. Compl. at 12.) Accordingly, the Court agrees with Defendants that this "seventh cause of action" was an unauthorized amendment to the complaint and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's seventh cause of action in the amended complaint is DISMISSED. All other causes of action against Defendants George Salem Jr. and the County of Dutchess remain. Defendants are directed to file an answer to Plaintiff's Amended Complaint by September 9, 2022. The parties are directed to file a Case Management Plan and Scheduling Order on or before September 9, 2022 (template attached). The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 59.

Dated: August 18, 2022　　　　　　　　　　　　　SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT                                           Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x


                                                             **CIVIL CASE DISCOVERY PLAN**
                              Plaintiff(s),              **AND SCHEDULING ORDER**
      - against -


                              Defendant(s).       _____ CV _____ (NSR)

-------------------------------------------------------------x

       This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.     All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2.     This case [is] [is not] to be tried to a jury.

3.     Joinder of additional parties must be accomplished by _____.

4.     Amended pleadings may be filed until _____. Any party seeking to amend its pleadings after that date must seek leave of court via motion.

5.     Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.     First request for production of documents, if any, shall be served no later than _____.

7.     Non-expert depositions shall be completed by _____.

        a.     Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

        b.     Depositions shall proceed concurrently.

        c.     Whenever possible, unless counsel agree otherwise or the Court so orders,

       non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York

_____

_____

Nelson S. Román, U.S. District Judge