USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/15/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETH SCHINELLA,

                              Plaintiff,

   -against-

GEORGE SALEM, JR. and COUNTY OF DUTCHESS,

                             Defendants.

No. 19 Civ. 008931 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

       Plaintiff Beth Schinella ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing a complaint on September 26, 2019 alleging federal and state causes of action against Defendants County of Dutchess ("Dutchess County"), George Salem, Jr. ("Salem Jr."), and Dr. Adam Soyer ("Dr. Soyer"). (ECF No. 2.) On September 16, 2021, this Court granted Dr. Soyer's motion to dismiss without prejudice and granted Plaintiff leave to amend her complaint as to the single state claim for tortious interference of contract against Dr. Soyer.[1] (ECF No. 44.) On October 18, 2021, Plaintiff filed an Amended Complaint, which added a seventh cause of action of a *Monell* claim against Defendants. ("Am. Compl.," ECF No. 45 at 12–13.) On August 18, 2022, the Court dismissed Plaintiff's seventh cause of action for a *Monell* claim pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 68.)

       Before the Court is Defendants Dutchess County and Salem Jr. ("Defendants")'s motion for summary judgment (the "Motion") on all of Plaintiff's claims. (ECF No. 78.) For the foregoing reasons, Defendants' Motion is GRANTED.

---

[1] On March 1, 2022, this Court so ordered a stipulation between Plaintiff and Defendant Dr. Soyer to discontinue the action against Dr. Soyer with prejudice. (*See* ECF No. 67.)

1

## BACKGROUND

**I.     Factual Background**

The parties have submitted briefs, statements of material facts pursuant to Local Civil Rule 56.1, and the record and exhibits from discovery in the instant proceeding, which reflect the following factual background. The following facts are undisputed unless otherwise noted.

Plaintiff Beth Schinella is a Corrections Sergeant employed by Defendant Dutchess County. (Am. Compl. ¶ 6.) On February 6, 2011, Plaintiff had a slip-and-fall in the course of her employment and sustained injuries to her right wrist and right shoulder. (*Id.* ¶ 10.) Initially, Defendants George Salem Jr., the Director of Risk Management for Dutchess County, and Dutchess County accepted the slip-and-fall as an on-the-job accident and accepted Plaintiff's claim for both General Municipal Law Section 207-C and Workers' Compensation coverage. (*Id.* ¶¶ 8, 15; Defendants' Statement of Material Facts ("Defs.' 56.1") ¶ 14.) Plaintiff alleges that, after the acceptance of her claim, she "became entitled, as a term and condition of Appendix G of her employment contract with Defendant, County of Dutchess, to the benefits provided by both General Municipal Law Section 207-C and Workers' Compensation Law." (Am. Compl. ¶ 16.)

In the course of her compensation claim, Plaintiff's treating physician Dr. David DiMarco opined that she sustained 35% permanent loss of use of her right shoulder and 31.5% permanent loss of use of her right wrist. (*Id.* ¶ 17; Defs.' 56. 1 ¶ 30.) Thereafter, Dutchess County and Salem Jr. hired Dr. Adam Soyer to perform a medical evaluation on September 12, 2017 and Dr. Soyer agreed that Plaintiff suffered permanent injuries. (Am. Compl. ¶¶ 19, 21–22.) Plaintiff noted that during the medical examination, she advised Dr. Soyer that she rode horses in her spare time, (*id.* ¶ 20; Defs.' 56.1 ¶ 38), but did not tell him she had been riding a horse in local barrel racing competitions for at least the three years prior to her examination by him, (Defs.' 56.1 ¶ 39.) Dr.

Soyer concluded that Plaintiff had sustained a 35% SLU of the right arm and 25% SLU of the right wrist. (*Id.* ¶ 44.) As a result of Dr. Soyer's finding, Plaintiff became eligible for a "'schedule loss of use' award under the Workers' Compensation Law of the State of New York." (*See* Am. Compl. ¶ 23.)

Subsequently, Defendants Salem Jr. and Dutchess County hired private investigators to follow Plaintiff and record her activities. (*Id.* ¶ 25; Defs.' 56-1 ¶¶ 48-49.) The investigators produced a report and video recordings associated with their investigation. (Am. Compl. ¶ 25.) Based on the surveillance, Dr. Soyer revoked his opinion that Plaintiff had suffered permanent injuries and Defendants charged Plaintiff with fraud pursuant to Section 114-a of the Workers' Compensation Law. (*Id.* ¶ 26; Defs.' 56.1 ¶ 66; Plaintiff's Statement of Material Facts ("Pltf.'s 56.1") ¶ 27.) Dr. Soyer's change of opinion was based upon his observation that Plaintiff lifted and placed a saddle on a horse as depicted in surveillance video taken by the investigators. (Am. Compl. ¶ 27.) Plaintiff alleges the video shows a different woman saddling the horse, and that Defendants became aware of this during a Workers' Compensation hearing. (*Id.* ¶ 28; Pltf.'s 56.1 ¶ 14.) A proceeding before a Worker's Compensation Law Judge (the "Judge") resulted in a determination in Plaintiff's favor and she was granted a 35% schedule loss of use award for her right shoulder, and the fraud charge was denied. (Am. Compl. ¶ 30.) The Judge awarded Plaintiff a schedule loss of use award (the "SLU Award") totaling $107,867.21, minus $1,336.25 due to a lien Dutchess County had on award to damages paid pursuant to Section 11 of the employment contract and minus $7,500 fee for her counsel—netting to $99,030.96. (*Id.* ¶¶ 46–47;' Pltf.'s 56.1 ¶ 38.)

After the ruling, Defendants appealed the award and denial of the fraud charge to the Workers' Compensation Board (the "Board"). (Am. Compl. ¶ 31.) Dr. Soyer changed his opinion

and reduced Plaintiff's loss of use of her right hand from 25% to zero percentage loss. (*Id.* ¶ 32.) Dr. Soyer issued an addendum to his original report which added that he watched surveillance videos and observed Plaintiff at a horse farm on October 5, 2017 speaking on a telephone and riding an all-terrain vehicle ("ATV"). (*Id.* ¶ 33.) The addendum also stated that he observed Plaintiff: on October 19, 2017 working with horses, closing a horse gate, and riding an ATV (*id.* ¶ 35); on October 21, 2017 watching a rider in the training area (*id.* ¶ 37); on October 29, 2017 riding a horse in a barrel racing competition (*id.* ¶ 39); and on November 1, 2017 carrying a blue pail filled with horse manure using her right hand and dumped contents of the pail into a manure pile (*id.* ¶ 42). Relatedly, Dr. Soyer testified under oath that he heard Plaintiff's name announced on the public address system during the barrel racing competition on October 29, 2017. (*Id.* ¶ 41.)

Plaintiff alleges Defendants knew the contents of Dr. Soyer's addendum and testimony were verifiably false and still continued their appeal. (*Id.* ¶¶ 31, 44, 48; Pltf.'s 56.1 ¶ 39.) Plaintiff points out that she was not the person depicted in the surveillance video on October 5, 2017 because she was working her post at Dutchess County Jail at that time (*id.* ¶ 34); that she was working at her post on October 19, 2017 (*id.* ¶ 36); that she was not the person observed in the October 21, 2017 surveillance because the person did not look like her (*id.* ¶ 38); and that she was not the person riding the horse on October 29, 2017 (*id.* ¶ 48).

The Board upheld the award and denial of the fraud charge. (Pltf.'s 56.1 ¶ 49; Defs.' 56. 1 ¶ 126.) After the decision, the Defendants paid Plaintiff the funds she was due and attorneys' fees plus interest. (Defs.' 56.1 ¶ 130.) Plaintiff was never charged with a crime for her involvement in the workers' compensation claim. (*Id.* ¶ 133.)

4

**II.     Procedural History**

Plaintiff commenced this action on September 9, 2019. (ECF No. 1.) In her initial complaint, Plaintiff brought six causes of action: (1) Section 1983 due process; (2) state constitutional due process; (3) Section 1983 malicious civil prosecution; (4) state malicious civil prosecution; (5) tortious interference with contract against Dr. Soyer, and (6) state malicious criminal prosecution against Salem Jr. and Dutchess County. (*Id.*) The sole cause of action brought against Dr. Soyer was the state law claim for tortious interference of contract. (*Id.*)

On September 15, 2020, Dr. Soyer moved to dismiss Plaintiff's cause of action against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 33.) On September 15, 2021, this Court granted Dr. Soyer's motion and dismissed the claim without prejudice. (ECF No. 44.) This Court granted Plaintiff leave to file an Amended Complaint consistent with the September 15, 2021 Opinion. (*Id.*)

On October 18, 2021, Plaintiff filed an Amended Complaint. The Amended Complaint includes all six causes of action brought in the initial complaint, but added a seventh cause of action. (Am. Compl. ¶¶ 83-84.) On February 23, 2022, Defendants filed a motion to dismiss Plaintiff's seventh cause of action pursuant to Federal Rule of Civil Procedure 15 (ECF No. 59), which the Court granted on August 18, 2022, (ECF No. 68).

On March 20, 2023, Defendants filed a memorandum of law in support of the Motion (Defs.' MOL., ECF No. 78-12) as well as a reply memorandum of law (Reply, ECF No. 80-1). Plaintiff filed a memorandum of law in opposition to the Motion. (the "Opposition" or "Opp.", ECF No. 79-12.)

5

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). In order to prove that a genuine issue of material fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is

not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

## DISCUSSION

### I. Section 1983 Malicious Criminal Prosecution Claim

Plaintiff stylizes her first cause of action as a Section 1983 claim for a due process violation. (*See* Am. Compl. ¶ 59.) In the paragraphs that set out the claim, Plaintiff explains that Defendants' decision to appeal the fraud claim, "while not strictly a criminal prosecution" was "quasi-criminal" in nature and could have "form[ed] the basis for a subsequent criminal prosecution." (*Id.* ¶ 60.) Further, Plaintiff avers that the Defendants appealed the fraud claim "without probable cause and with malice" (*id.* ¶ 62), even though it had terminated in her favor (*see id.* ¶ 61). These statements track the elements of a malicious criminal prosecution claim under New York law. *See Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019). Thus, it appears that Plaintiff is attempting to assert a Section 1983 claim for malicious criminal prosecution.

"To prevail on a Section 1983 claim for malicious prosecution, a plaintiff must demonstrate both (i) a Fourth Amendment violation and (ii) the common-law elements of the tort of malicious prosecution." *Guillen v. City of New York*, 625 F. Supp. 3d 139, 154–55 (S.D.N.Y. 2022) (citation omitted). The common-law elements of the tort of malicious prosecution are as follows: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." *Dettelis*, 919 F.3d at 163 (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). In addition to the required state law elements, to sustain a Section 1983 malicious prosecution claim, a plaintiff must show "a seizure or other perversion of proper legal procedures implicating [his] personal liberty and privacy interests under

7

the Fourth Amendment." *Lanning v. City of Glens Falls*, 908 F.3d 19, 24 (2d Cir. 2018), *abrogated on other grounds by Thompson v. Clark*, 596 U.S. 36 (2022) (quoting *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004)) (alteration in original). In other words, "a claim for malicious prosecution under § 1983 may only arise where there has been a violation of the plaintiff's Fourth Amendment rights." *Dabah v. Franklin*, No. 19-CV-10579 (ALC), 2022 WL 973834, at *6 (S.D.N.Y. Mar. 31, 2022), *aff'd*, No. 22-845-CV, 2023 WL 3577872 (2d Cir. May 22, 2023) (quoting *Graham v. City of New York*, 869 F. Supp. 2d 337, 356 (E.D.N.Y. 2012)).

As an initial matter, Plaintiff cannot even meet the required state law elements for a claim of malicious criminal prosecution because no criminal proceedings were ever brought against her. (*See* Defs.' 56.1 ¶ 133.) This Court has previously dismissed such claims on this ground alone. *See, e.g. Davis v. Whillheim*, 2019 WL 935214, at *11-12. (S.D.N.Y. Feb. 26, 2019) (dismissing Section 1983 malicious criminal prosecution claim because plaintiff was not subjected to any criminal liability); *Perez v. Hewitt*, No. 04 CIV. 10112 (KMW), 2008 WL 780628, at *2 (S.D.N.Y. Mar. 24, 2008) (granting summary judgement on Section 1983 malicious criminal prosecution claim "[b]ecause Defendants never initiated criminal proceedings against Plaintiff"). Plaintiff concedes that she was never subject to a criminal prosecution (Opp. at 12), but argues that the fraud claim initiated by Defendants against her had "the potential for a fine up for the amount of the award ($107,867.21) payable to the treasury of the State of New York" (Am. Compl. ¶ 60). Such a fine, she contends, would have been punitive and therefore criminal because it would have been paid to a court. (Opp. at 13.) Moreover, Plaintiff asserts that a finding against her could have "form[ed] the basis for a subsequent criminal prosecution." (Am. Compl. ¶ 60.)

Even if the Court accepts Plaintiff's logic and deems the workers' compensation proceeding "quasi-criminal" in nature, Plaintiff cannot demonstrate a violation of her Fourth

8

Amendment rights. This problem is fatal to her claim. The Second Circuit has consistently found that "[a] plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must…show some deprivation of liberty consistent with the concept of 'seizure.'" *Singer v. Fulton County Sheriff,* 63 F.3d 110, 116 (2d Cir. 1995); *accord Lanning*, 908 F.3d at 24; *Manganiello v. City of New York,* 612 F.3d 149, 160–61 (2d Cir. 2010); *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003); *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). In other words, a plaintiff must have suffered a seizure or other "perversion of proper legal procedures" implicating her personal liberty and privacy interests under the Fourth Amendment. *Singer,* 63 F.3d at 117.

Here, Plaintiff has suffered no such deprivation under the Fourth Amendment. She was never taken into custody, imprisoned, physically detained or seized. *See United States v. Mendenhall,* 446 U.S. 544, 553–54 (1980) (holding that, under standard Fourth Amendment analysis, a person is considered "seized" if she is unable to leave an officer's presence without permission). Merely because Plaintiff *could* have been criminally prosecuted if found to have committed fraud in the workers' compensation proceeding and/or made to pay a fine to the state treasury, the Court does not "[]agree that these possibilities implicate the Fourth Amendment to such a degree as to permit a Section 1983 claim based on a civil administrative proceeding of the type at issue here." *Washington*, 373 F.3d at 316.

Because Plaintiff's Section 1983 criminal malicious prosecution claim is based on a non-criminal proceeding and Plaintiff has failed to show a deprivation of liberty, Plaintiff has failed to state a constitutional claim. Summary judgment on this issue is therefore granted in favor of the Defendants.

**II.     State Due Process Claim**

Plaintiff's second cause of action is for "a violation of Plaintiff's right to due process of law, as guaranteed to her by Article I, Section 6 of the New York State Constitution." (Am. Compl. ¶ 64.) Similar to the due process guarantees contained in United States Constitution, Article I, Section 6 prohibits the government from depriving a person of "life, liberty or property without due process of law." N.Y. Const., Art. I, § 6. Courts have interpreted the New York State Constitution to provide both procedural and substantive due process protections. "Procedural due process protection affords notice…of a possible deprivation of life, liberty or property by the government, and a meaningful opportunity to contest the deprivation prior to its imposition." *People v. Bell*, 3 Misc. 3d 773, 777 (Sup. Ct. 2003). "By contrast, a claim of a substantive due process violation bars 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Id.* (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 840 (1998)). To establish a violation of a right to substantive due process, a plaintiff must demonstrate that the challenged "government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience'." *Michael N. v. Montgomery Cnty. Dep't of Soc. Servs.*, 185 N.Y.S.3d 493, 551 (N.Y. Sup. Ct. 2022) (citation omitted); *see also Bower Assocs. v. Town of Pleasant Valley*, 2 N.Y.3d 617, 628-29 (Ct. App. 2004).

Here, Plaintiff cannot state a procedural nor a substantive due process violation under the New York State Constitution. This is because Plaintiff is unable to meet even the first element of a due process claim – namely, that she possesses a cognizable property interest. A property interest for purposes of due process means "a vested property interest,…more than a mere expectation or hope" to which "pursuant to State or local law, [the party] had a legitimate claim of entitlement." *SNL Cap. Partners, LLC v. City of New York*,127 N.Y.S.3d 732, 737 (N.Y. Sup. Ct. 2020). Plaintiff

does not identify in her Amended Complaint or her Opposition the vested property interest of which she was deprived. Plaintiff did not have a vested property interest in the SLU Award because, contrary to her assertions, Plaintiff was not "entitled" to this money. (*See* Opp. at 10; *see also* Am. Compl. ¶ 52.) Any property interest Plaintiff held in these funds would not have accrued until the issuance of the Board's decision on appeal. *See Zahrey v. City of New York*, No. CIVA 98-4546 DCP JCF, 2009 WL 1024261, at *15 (S.D.N.Y. Apr. 15, 2009). Without a cognizable property interest, Plaintiff cannot claim a due process violation.

Even assuming, arguendo, that Plaintiff had a cognizable property interest in the SLU Award funds, she received both notice and a meaningful opportunity to contest the deprivation of the funds before the Board. Consequently, Plaintiff is unable to state a procedural due process violation. To prevail on a substantive due process violation, Plaintiff must demonstrate that the Defendants' actions in deciding to appeal were "shocking, arbitrary, and egregious." *See Emerson v. City of New York*, 740 F. Supp. 2d 385, 391 (S.D.N.Y. 2010) (citation omitted). But Plaintiff has not identified anything egregious or arbitrary about the Defendants' actions and indeed she cannot. *See Westover Car Rental, LLC v. Niagara Frontier Transp. Auth.,* 998 N.Y.S.2d 309 (N.Y. Sup. 2014). Filing an appeal does not qualify as shocking governmental action. Accordingly, Plaintiff also fails to a state a substantive due process violation. The Court grants summary judgement to Defendants on Plaintiff's second cause of action.

### III. Section 1983 Malicious Civil Prosecution

Plaintiff's third cause of action is a Section 1983 claim for a "[d]ue [p]rocess violation under the Fifth and/or Fourteenth Amendments in the nature of a malicious civil prosecution." (Am. Compl. ¶ 66.) As an initial matter, the due process clause of the Fifth Amendment only applies to actions by the federal government. *Dusenbery v. United States*, 534 U.S. 161, 167

(2002). Plaintiff has not named the United States government or any agency or employee thereof as a defendant in this matter and therefore cannot rely on the Fifth Amendment to support her malicious civil prosecution claim. *See Magnotta v. Putnam Cnty. Sheriff*, No. 13 CIV. 2752 GBD GWG, 2014 WL 705281, at *8 (S.D.N.Y. Feb. 24, 2014) ("[T]he Fifth Amendment governs the conduct of the *federal* government and *federal* employees, and does not regulate the activities of state officials or state actors.") (emphases in original) (citations and internal quotation marks omitted).

To establish a malicious civil prosecution claim under New York law, a plaintiff is "required to show the following: '(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice[,] and[ ] (4) the matter terminated in plaintiff's favor.'" *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (alterations in original) (quoting *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010)). In addition, "when a malicious prosecution claim is premised on a civil proceeding, a plaintiff must show a 'special injury'—'some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit.'" *Grullon v. Admin. for Children's Servs.*, No. 18-CV-3129 (LJL), 2021 WL 981848, at *10–11 (S.D.N.Y. Mar. 16, 2021) (quoting *Gordon v. City of New York*, 2016 WL 3976657, at *6 (E.D.N.Y. July 22, 2016)). Finally, in the Second Circuit, a Section 1983 claim for malicious civil prosecution, as with its criminal counterpart, "can only survive if there is 'a seizure or other "perversion of proper legal procedures" implicating the claimant's personal liberty and privacy interests under the Fourth Amendment.'" *Dabah*, 2022 WL 973834, at *6 (quoting *Washington*, 373 F.3d at 316).

As was the case with her first cause of action, Plaintiff has failed to allege a qualifying deprivation under the Fourth Amendment. *See Zahrey*, 2009 WL 54495, at *21. Plaintiff has suffered no "seizure" within the meaning of the Fourth Amendment. She was not imprisoned or detained, nor was she ever the subject of a criminal prosecution. She, moreover, does not even allege a violation of her Fourth Amendment rights, but only claims that Defendants' conduct violated her Fourteenth Amendment right to due process. The Second Circuit has already found, however, that "the Fourteenth Amendment right to substantive due process will not support a federal claim for malicious prosecution." *Singer,* 63 F.3d at 114.

Accordingly, Plaintiff's Section 1983 claim for malicious civil prosecution fails as a matter of law. Summary judgment on this issue is granted in favor of Defendants.

## IV.    State Law Malicious Civil Prosecution Claim

Plaintiff's fourth cause of action is for malicious civil prosecution under New York state law. (Am. Compl. ¶ 69.) In order to prevail in an action for malicious civil prosecution in New York, a plaintiff must show: "1) the initiation of an action by the defendant against [her], 2) begun with malice, 3) without probable cause to believe it can succeed, 4) that ends in failure or, in other words, terminates in favor of the plaintiff." *Engel v. CBS, Inc.*, 145 F.3d 499, 502 (2d Cir. 1998) (quoting *O'Brien v. Alexander,* 101 F.3d 1479, 1484 (2d Cir. 1996)). The plaintiff must additionally demonstrate a "special injury," *i.e.,* "some interference with [the] plaintiff's person or property… beyond the ordinary burden of defending a lawsuit." *Id.* (quoting *O'Brien,* 101 F.3d at 1484) (alteration in original); *accord Curiano v. Suozzi,* 63 N.Y.2d 113, 118, 469 N.E.2d 1324, 1327, 480 N.Y.S.2d 466, 469 (1984). A special injury means a harm "beyond the ordinary physical, psychological, or financial demands of defending [oneself] in [a] civil…proceeding." *McCaul v. Ardsley Union Free Sch. Dist.*, 514 F. App'x 1, 6 (2d Cir. 2013) (upholding dismissal of malicious

civil prosecution claim where plaintiff "spent thousands of dollars to retain an attorney and suffered distress and anxiety," but suffered no special injury); *see also Chrysler Corp. v. Fedders Corp.*, 540 F. Supp. 706, 721 (S.D.N.Y. 1982) (dismissing malicious civil prosecution claim because claimant "suffered only those sorts of encumbrances which may reasonably be expected to flow from complex, vigorously fought litigation"). New York courts generally hold that allegations of reputational harm resulting from a law suit are not enough to sustain a claim for malicious civil prosecution, *see Engel v. CBS, Inc.,* 961 F.Supp. 660, 663 (S.D.N.Y. 1997); *Campion Funeral Home, Inc. v. State,* 569 N.Y.S.2d 518, 521 (3d Dep't), *appeal denied,* 575 N.Y.S.2d 455 (Ct. App. 1991), nor is the claim that financial resources were expended in successfully defending against a prior suit, *Miller v. Jamaica Sav. Bank,* 377 N.Y.S.2d 89, 90 (2d Dep't 1975).

Here, Plaintiff is unable to demonstrate, as a matter of law, a special injury resulting from the Defendants' decision to appeal the fraud claim. Plaintiff attempts to demonstrate special injury on two grounds, namely financial harm and emotional harm. First, Plaintiff contends that the appeal caused her financial harm because she suffered "loss of use of the money to which she became entitled as a result of SLU [A]ward, which caused her to have to borrow $14,000, and miss two mortgage payments, in order to pay for her son's college tuition, which also caused her credit score to be lowered." (Opp. at 10; *see also* Am. Compl. ¶ 52.) But, as Defendants explain, "Plaintiff[']s financial difficulties immediately following [the SLU Award] were self-inflicted" because she chose to spend the SLU Award before she received it and "Defendants were not required to pay the award to [P]laintiff while the appeal was pending." (Reply at 6.) Moreover, because Defendants were permitted to withhold the award during the pendency of the appeal, any property interest Plaintiff had in the SLU Award would not have accrued until the issuance of the

decision on appeal. *See Zahrey*, 2009 WL 1024261, at *15 (holding that plaintiff's delay in receiving back pay was a necessary part of the process of departmental disciplinary proceedings and therefore did not constitute a special injury); *see also Loftus v. Arthur*, No. 05–1682, 2007 WL 2376883, at *4 (N.Y. Sup. Ct. July 16, 2007) (litigation resulting in delay in building and use of extension of barn did not cause special injuries); *NLRB v. Sunshine Mining Co.,* 125 F.2d 757, 761 (9th Cir. 1942) ("The award of back pay is not a private judgment or a chose in action belonging to the employee, and he has no property right in the award pending his actual receipt of it.")

Second, Plaintiff argues that she suffered emotional harm because "she sustained the shame and humiliation of being accused of fraud by her employer, loss of reputation, emotional distress, fear of losing her employment, fear of criminal prosecution, [and] fear of incarceration." (Opp. at 10.) But emotional distress, including shame and humiliation, is not a form of special injury. *See Brown v. Brown*, 343 F.Supp.2d 195, 198 (E.D.N.Y. 2004) ("bare allegations of emotional distress, pain, and suffering" do not suffice to demonstrate special injury). *C.f. Thryoff v. Nationwide Mut. Ins. Co.,* No. 05-CV-6607T, 2006 WL 2827082, at *4 (W.D.N.Y. Sept. 29, 2006) ("severe emotional harm which required both psychological counseling and medication" demonstrated special injury). Neither is reputational harm. *See Engel,* 961 F.Supp. at 663; *Campion,* 569 N.Y.S.2d at 521. Nor still is the fear of "the potential consequences of an action, as opposed to the actual consequences of an action." *Kidder, Peabody & Co. v. IAG Int'l Acceptance, Group N.V.,* No. 94 CIV. 4725 CSH, 1997 WL 539772, at *4 (S.D.N.Y. Aug. 28, 1997) (quoting *Engel,* 961 F.Supp. at 664). In fact, Plaintiff claims to have suffered the fear of losing her job, but admits that her employment with the County was never threatened and that she never faced an effort to have her fired. (ECF No. 79-8 at 61:18-62:5.) These undisputed facts undermine her claim of emotional harm.

Plaintiff is unable to demonstrate a special injury and therefore her malicious civil prosecution claim fails as a matter of law. The Court awards Defendants summary judgement on this issue.

## V. State Law Malicious Criminal Prosecution Claim

Plaintiff's sixth cause of action is for malicious criminal prosecution under New York state law. To state a claim for state malicious criminal prosecution, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (quoting *Russell v. Smith,* 68 F.3d 33, 36 (2d Cir. 1995)); *see also Roman v. City of Mount Vernon*, No. 21-CV-2214 (KMK), 2022 WL 2819459, at *10 (S.D.N.Y. July 19, 2022) ("The elements of malicious prosecution are: (1) the initiation of a prosecution against a plaintiff; (2) without probable cause; (3) begun with malice; and (4) resulting in a termination in the plaintiff's favor") (citation omitted). As stated earlier, Plaintiff was never the subject of a criminal prosecution (*see* Opp. at 12) and therefore her claim for malicious criminal prosecution is facially defective. *See Biswas v. City of New York*, 973 F. Supp. 2d 504, 528 (S.D.N.Y. 2013) ("Because no criminal proceedings were brought against the plaintiff, the state law malicious prosecution claim can only be based on the disciplinary proceedings surrounding the plaintiff's suspension from school"); *see also Davis*, 2019 WL 935214, at *11-12 (dismissing Section 1983 malicious criminal prosecution claim because plaintiff was not subjected to any criminal liability); *Perez*, 2008 WL 780628, at *2 (granting summary judgement on Section 1983 malicious criminal prosecution claim "[b]ecause Defendants never initiated criminal proceedings against Plaintiff"). It does not matter that the claims against Plaintiff had "the potential for a fine…payable to the

treasury of the State of New York" or could have "form[ed] the basis for a subsequent criminal prosecution" (Am. Compl. ¶ 60), because the question is not what *could* have happened to Plaintiff, but, rather, what actually happened in the prior action. "It does not matter, for example, that…[P]laintiff could have been arrested in conjunction with the type of action [s]he was subject to, if [s]he was not in fact arrested." *Rose v. Bethel*, No. 03 CV 1241 (GBDMHD), 2010 WL 727149, at *13 (S.D.N.Y. Feb. 22, 2010) (discussing malicious criminal prosecution claim under New Jersey state law).

Plaintiff has failed to assert a viable state law malicious criminal prosecution claim. Summary judgment on this issue is therefore granted in favor of Defendants.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 78, to enter judgment in favor of Defendants and to terminate this case.

Dated: February 15, 2024  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge